CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 17 2006

JOHN F CORCORAN, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE No. 5:06cr00061-04 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| JOSE ANTONIO CIPRIANO-VARGAS, ) | |
| ) | By: Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned a single count Indictment charging this defendant, and others, with knowingly combining, conspiring, confederating, and agreeing with persons, both known and unknown to the Grand Jury, with knowingly and intentionally distributing and possessing with the intent to distribute, five (5) kilograms or more, of a mixture or substance containing a detectable amount of cocaine hydrochloride (powder), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846. He was previously arraigned on this charge and entered a plea of Not Guilty. The defendant having now indicated an intent to change his plea, this case was referred to the undersigned, pursuant to an order entered August 16, 2006, for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on August 17, 2006. The defendant was at all times present in person and with his counsel, Gary L. Smith. The United States was represented by Ray B. Fitzgerald, Jr., Assistant United States Attorney. Also present was a properly qualified interpreter for the defendant whom he could understand and who could understand him.

*See* Rule 28, Federal Rules of Criminal Procedure. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to a lesser charge included under Count One of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is Jose Antonio Cipriano-Vargas, that he is twenty-seven (27) years of age, that he completed the 7th grade in Mexico, and that he has a limited ability to understand English. He stated, however, that he was able to understand and participate fully in the proceedings with the assistance of the Spanish language interpreter. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings, and he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings.

After expressing his understanding of his right to have this proceeding conducted before a United States district judge, the defendant expressly consented to proceed with this hearing before the undersigned magistrate judge. After the requisite waiver form was translated and read to the defendant, it was executed by him and filed as part of the record.

2

The defendant testified that he had discussed the charge with his attorney, that he had previously received a copy of the Indictment against him, and that the charge against him in the Indictment had been fully translated and read to him. He testified that he understood the charge against him, and he understood that it was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charge contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to a lesser included charge against him.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the government's agreement to permit the defendant to plead guilty to a lesser included offense (paragraph 2), the terms of the sentencing recommendation (paragraph 6), the terms of any evidence proffer (paragraph 7), the defendant's obligation to provide a financial statement (paragraph 8), the defendant's waiver of his right to appeal any sentence and waiver of his right to jury determination of any guidelines issues (paragraph 9), the defendant's waiver of any right to make any 28 U.S.C. §2255 attack on the judgment or any part of the sentence in this case (paragraph 10), and the substance of the terms set forth in paragraphs numbered 3 through 5 and numbered 11 through 21 of the plea agreement.

After which, defense counsel indicated his understanding of the terms of the plea agreement was the same. The defendant was again addressed in open court, and confirmed that his understanding of the plea agreement was the same as that set forth by the government's attorney.

Upon further inquiry, the defendant testified that no one had made any other, different or

3

additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty. He stated that he knew that his plea, if accepted, would result in him being adjudged guilty of the offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter a plea of guilty to a lesser offense included within the charge contained in Count One of the Indictment, to-wit: the defendant proposed to enter a plea of guilty to the offense of conspiring to knowingly and intentionally distribute, and possess with intent to distribute, five hundred (500) grams or more grams of a substance containing a detectable amount of cocaine hydrochloride (powder) in violation of Title 21, United States Code, Section 846.

After the attorney for the government informed the defendant of the mandatory minimum penalty provided by law for this lesser offense included in Count One of the Indictment, the defendant acknowledged unequivocally that he understood five (5) years imprisonment[1] to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty was accepted to the lesser offense charged in Count One, *See* Rule 11(b)(1)(I). The attorney for the government further informed the defendant of the maximum possible penalty provided by law for the said lesser offense charged in Count One of the Indictment, and the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the said lesser offense charged in Count One of the Indictment to be confinement in a Federal

---

[1] Defendant was also informed that he could be sentenced to less than five years imprisonment if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e) on his behalf, or if he qualifies for the "Safety-Valve" set forth in Title 18, Section 3553(f).

4

penitentiary for forty (40) years and a $2,000,000.00 fine. *See* Rule 11(b)(1)(H). In addition, the defendant was informed, and he then expressly acknowledged, that any period of incarceration on this offence must be followed by a five-year period of supervised release and /or his deportation to his home country.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay the mandatory One Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L)

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had

been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous plea of not guilty to the offense charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his plea of not guilty and the attendant rights that he would waive upon entry of a guilty plea. *See* Rule 11(b)(1)(F).

The defendant stated that he was pleading guilty because he was in fact guilty of the crime charged Count One of the Indictment.

In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the

6

advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the plea, counsel for the Government presented the sworn testimony of DEA Special Agent Brian Padgett, concerning the evidence developed during his investigation, including facts evidencing the nature and scope of the conspiracy, the defendant's participation, the quantity of powdered cocaine involved. Both the defendant and his counsel agreed with the accuracy of the above facts presented by the government.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to previously described lesser offense included in Count One alleging defendant's violation of Title 21, United States Code, Section 846. After the requisite form was translated and read to the defendant, he guilty plea form was executed by the defendant and filed as part of the record.

After entering his plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the defendant reiterated his full satisfaction with the advice, assistance and services of her attorney.

The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

**B. GOVERNMENT'S EVIDENCE**

DEA Special Agent Brian Padgett, testified that in 2005 his office received information indicating that a number of individuals were selling powdered cocaine in the Winchester, Virginia. Extended subsequent surveillance and review of telephone records led to the identification of several individuals and a determination that ten (10) ounces of powdered cocaine had been received

by a co-defendant on or about June 4, 2005. When this individual was later stopped by the police, he was found to have an unusually large quantity of cash on his person, and in the discarded trash of another co-defendant investigators recovered the material in which the cocaine powder had been wrapped at the time of its delivery. On June 27, 2005, all of the individuals named in the indictment were arrested following a four (4) ounce delivery to a residence in the Winchester area. This delivery was then "cut" by one or more of the arrested individuals to make eight (8) ounces of powdered cocaine of approximately thirty-five (35) percent purity. The defendant was present at the residence at the time of the four(4) ounce delivery, and the government was prepared to present testimonial evidence at trial to show additional participation by the defendant in the conspiracy and to document powdered cocaine transactions by the defendants named in the indictment totaling approximately eighty (80) ounces.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable or entering an informed plea;

2. The defendant is fully aware of the nature of the charge and the consequences of his plea;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. Defendant's entry into the written plea agreement and his tender of a plea of guilty to a lesser charge contained in Count One were both made with the advice and

assistance of counsel;

6. The defendant's entry of a plea of guilty to the lesser charge of participating in a criminal conspiracy for the purpose of possessing with intent to distribute and distributing 500 grams or more of a substance containing cocaine powder contained in Count One of the Indictment was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is fully voluntary and did not result from any force, threats, or promises other the one promise contained in the plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant is pleading guilty;

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's plea of guilty to Count One of the Indictment, that the defendant be adjudged guilty of that offense, that a sentencing hearing be scheduled by the presiding District Judge on November 1, 2006 at 9:00 a.m.

### E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter

9

to the undersigned with instructions

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 17th day of August 2006.

/s/ James G. Welsh
James G. Welsh
United States Magistrate Judge